**United States Bankruptcy Court**
**District of New Jersey**

By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@mikeassad.law
*Attorney for Debtor*

In re: Natricia Deshaye Comer,

*Debtor*.

| | |
|---|---|
| Case No.: | 26-19426-JNP |
| Chapter: | 13 |
| Judge: | Poslusny |

**Supplemental Disclosure of Compensation of Attorney for Debtor in Adversary Proceeding**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), the undersigned files this Supplemental Disclosure of Compensation to disclose the fee arrangement under which the Debtor has retained the Law Office of Mike Assad, P.C. (the "firm") to represent her in an adversary proceeding.

2. The firm also represents the Debtor in this chapter 13 case under a separate standard-fee arrangement under D.N.J. LBR 2016-5(b), which is disclosed separately on Local Form Disclosure of Chapter 13 Debtor's Attorney Compensation. This disclosure concerns only the firm's representation of the Debtor in the adversary proceeding described below.

3. By written engagement, the Debtor has retained the firm to prosecute an adversary proceeding against Westlake Services LLC and International Recovery Services Inc., for willful violation of the automatic stay under 11 U.S.C. § 362(a) and (k), through settlement or entry of a

final order or judgment in this Court. The engagement does not include any appeal or any post-judgment collection.

4. The firm's fee is contingent. If there is no recovery, the Debtor owes nothing.

5. If money or other value is awarded, by court order or settlement, the firm's fee is the greater of (a) a contingent fee on the net recovery (the total recovery minus reimbursable costs and disbursements) under the sliding scale of New Jersey Court Rule 1:21-7(c), currently 33⅓% of the first $750,000 of the net recovery, or (b) the firm's hourly fee of $495 per hour for time actually spent, not to exceed the total recovery, plus reimbursement of out-of-pocket costs advanced.

6. Any statutory attorney's fees and costs awarded under 11 U.S.C. § 362(k) or other fee-shifting authority are credited toward the firm's fee; the firm will not collect both the full statutory award and an additional percentage. If the statutory award alone exceeds the fee calculated above, the firm will take the statutory award as its fee.

7. The firm advances all costs of the adversary proceeding. The Debtor will not be asked to pay any fee or cost from her own funds and owes no reimbursement of advanced costs if there is no recovery.

8. This fee arrangement is identical in form to one previously allowed by this Court in another stay-violation adversary proceeding. *See Young v. Public Service Electric & Gas Co.*, Adv. No. 26-01224-JNP, ECF No. 14 (Bankr. D.N.J. Sept. 9, 2026).

9. The firm has received no compensation to date, and the sole sources of compensation will be the Debtor's recovery in the adversary proceeding and any fees or costs awarded against or paid by or on behalf of Westlake or IRS; the Debtor's own funds are not a source of compensation.

10. The firm has not agreed to share the above-disclosed compensation with any person or entity other than members and associates of the firm.

11. I certify that the foregoing is a complete statement of any agreement or arrangement for payment to the firm for representation of the Debtor in this case, in addition to the previously filed disclosure.

Date: November 14, 2026

/s/ Michael I. Assad
Michael I. Assad